# HALL & RUCKEL *v.* INGRAM.

---

## TRADEMARKS; PLEADING.

1. Two trademarks are substantially the same if the resemblance would deceive an ordinary purchaser giving such attention as he usually gives in making a purchase, and would cause him to purchase one article, mistaking it for the other. (Following *Gaines* v. *Carlton Importation Co.* 27 App. D. C. 571, and *Buchanan-Anderson-Nelson Co.* v. *Breen & Kennedy,* 27 App. D. C. 573.)

2. Whether two words claimed as trademarks bear such close resemblance as will mislead and deceive the purchasing public may be determined on a demurrer to an opposition to an application for registration of one of the words.

3. The word "Zodenta," for use on a dentifrice, does not so closely resemble the word "Sozodont," similarly used, as to be apt to deceive purchasers.

No. 391.    Patent Appeals.    Submitted November 20, 1906.    Decided December 4, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining a demurrer to a notice of opposition to an application for registration of a trademark.    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Samuel Owen Edmonds* and *Mr. C. F. Milans* for the appellants.

*Mr. L. S. Bacon* and *Mr. James Whittemore* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents sustaining a demurrer filed by the appellee, Frederick F. Ingram, to the appellants' notice of opposition to the appellee's application for registration of the trademark "Zodenta," for use on a dentifrice, the appellee claiming to have continuously used this trademark on a dentifrice since 1891. Within due time, under sec. 6 of the act of Congress of February 20, 1905, the appellants, Hall & Ruckel, filed notice of opposition to the registration of "Zodenta."

The grounds for opposition were that the word "Sozodont" has been used continuously by the appellants and their predecessors in business as a trademark for dentifrices since 1863; that appellants are the sole and rightful proprietors of this

mark, and that the mark "Zodenta" so nearly resembles the word "Sozodont" as used by the appellants "as to be calculated to mislead, deceive, and confuse, and to result in interference and conflict in trade."

The appellee demurred to the opposition. After hearing, the Examiner of Interferences sustained the demurrer, holding that the words in question "do not so nearly resemble each other as to cause confusion in the mind of the public, or deceive purchasers using ordinary care in the selection of the goods." The Commissioners affirmed the Examiner's decision, from which the present appeal was taken.

We are not impressed by the argument that "Sozodont" is a derivative from the two Greek words mentioned, and "Zodenta" from combining the Greek and Latin words named. These fanciful etymologies are not apt to occur to the mind of the public nor to deceive purchasers. It is admitted upon this demurrer that during fifteen years the appellee had used the word "Zodenta" as his trademark. The two words differ so much in appearance and in sound that ordinary purchasers buying with ordinary caution are not likely to be misled. It is unnecessary to review the authorities. Two trademarks are substantially the same if the resemblance would deceive an ordinary purchaser giving such attention as he usually gives in making a purchase, and cause him to purchase one article, mistaking it for the other. See *Gorham Mfg. Co.* v. *White,* 14 Wall. 511, 20 L. ed. 731; *McLean* v. *Fleming,* 96 U. S. 256, 24 L. ed. 832; *Gaines* v. *Carlton Importation Co.* 27 App. D. C. 571; *Buchanan-Anderson-Nelson Co.* v. *Breen & Kennedy,* 27 App. D. C. 573. In considering the similarity between "Anderson" and "Henderson," Chief Justice Shepard [in the case last cited] remarked: "The single question for our determination is whether the resemblance between the two marks as used is calculated to deceive and mislead the public into purchasing Breen & Kennedy's whisky under the belief that it is the whisky of the Buchanan-Anderson-Nelson Co."

It is claimed by the appellants that the two trademarks here considered, by close resemblance are calculated to mislead and

deceive, and it is further claimed that such an issue should not be decided upon a demurrer. It is said that a demurrer precludes the aid of evidence which might so inform the Office as to make it possible for the Office to intelligently decide this question. We think the Commissioner capable of deciding the resemblance or the difference between these words by the spelling, the appearance, and the sound, correctly. In the case last cited, as in this, the question arose upon a demurrer to the opposition, sustained by the Commissioner of Patents. The Federal cases cited by the appellant on this point apply with great force where novelty or invention is involved, and where the court may desire proof to be taken to better instruct the court. Witnesses were not needed to enable the Examiner and Commissioner of Patents to decide that "Zodenta" and "Sozodont" are quite dissimilar, and that "Zodenta" is not calculated to mislead or deceive the average purchaser who may seek to buy "Sozodont."

The decision of the Commissioner of Patents is *affirmed, and it is further ordered that this decision be certified to the Commissioner of Patents as provided by law.*